UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No.  3:16-CV-0295-GCS |
| | ) |
| ACTION ATM INC., and | ) |
| SILVER L. FRANKLIN, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM and ORDER

**SISON, Magistrate Judge:**

INTRODUCTION AND BACKGROUND

Pending before the Court is Nautilus Insurance Company's motion for judgment on the pleadings (Docs. 59, 63). Specifically, Nautilus Insurance Company ("Nautilus") moves for judgment on the pleadings as to Counts I, III and IV of its Second Amended Complaint.[1] Action ATM Inc. ("ATM") and Silver L. Franklin ("Franklin") oppose the motion (Doc. 60). Based on the record, the applicable law and the following, the Court **GRANTS** the motion for judgment on the pleadings.

On July 28, 2016, Nautilus filed a second amended complaint for declaratory judgment against ATM and Franklin in this judicial district (Doc. 32). Nautilus seeks a

---

[1]  Nautilus contends that a ruling favor of it on any of these three counts is dispositive to the entire case. The Court agrees.

declaration that it does not owe a duty to defend or a duty to indemnify ATM and Franklin under a commercial policy it issued to ATM. The second amended complaint alleges that on November 3, 2015, Ithiwa Woodson and Robert Beene, individually and on behalf of the Estate of Donte Woodson, filed a petition for damages against Franklin, Marie A. Franklin and ATM in the Circuit Court of St. Louis County, Missouri, Case No. 15 SL-CC03780 ("the underlying litigation"). Previously, on June 24, 2016, in the underlying litigation, Woodson and Beene filed a third amended petition for damages and for wrongful death only against Franklin. (Doc. 32-4). The third amended petition in the underlying litigation alleges that on August 16, 2015, decedent Woodson, while in the restroom at a QuickTrip Store in St. Louis, Missouri, was fatally struck by a bullet as a result of an incident with Franklin. Specifically, the third amended complaint alleges that decedent Woodson and Franklin "engaged in some sort of confrontation wherein Defendant Franklin negligently handled and discharged a firearm while near or in the vicinity of Woodson." (Doc. 32, p. 7 quoting 32-4, p. 3). Woodson and Beene, in the underlying litigation, seek damages from Franklin for the death of their son.

In the instant litigation, Nautilus seeks a declaratory judgment that it does not have a duty to defend or a duty to indemnify ATM or Franklin in the underlying suit. Nautilus argues that Franklin does not qualify as an insured under the policy at issue because he was sued in his individual capacity, and not as an employee in the course of his employment for ATM. Nautilus also argues that the policy contains a weapons exclusion that expressly bars coverage for "bodily injury" arising out of "the use of any

'weapon,'" including but not limited to "firearms." Lastly, Nautilus argues that the policy contains an all assault or battery exclusion that expressly bars coverage for "bodily injury" caused by any "actual or alleged assault or battery" or "physical altercation."

Defendant Franklin counters that the duty to defend cannot be resolved without resorting to disputed facts and that the third amended complaint in the underlying litigation does raise the possibility of coverage. Franklin contends that plaintiffs in the underlying litigation alleged that Franklin was at the QuickTrip presumably to service the ATM machine; that the plaintiffs only allege that Franklin mishandled a firearm and that plaintiffs do not allege who owned, held, possessed or acted with any purpose with the firearm. Further, Franklin contends that any action in the encounter with decedent Woodson was in self-defense and that the Policy's "self-defense exception" would be rendered meaningless if the weapons exclusions and the all assault or battery exclusions apply.

In reply, Nautilus disputes Defendants' assertions. Nautilus contends that Franklin cannot qualify as an insured under the Policy for the alleged shooting; that both the weapons exclusion and the all assault or battery exclusions bar coverage under any scenario presented in the underlying complaint and the "self-defense exception" does not create an ambiguity in the Policy.

## FACTS

Nautilus issued a commercial general liability insurance policy to ATM under policy No. NN487458 for the period of November 4, 2014 to November 4, 2015 ("Policy") (Doc. 1-2). The Policy defines who is insured and states in pertinent part:

**SECTION II – WHO IS AN INSURED**

1. If you are designated in the Declarations as:

   d. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

2. Each of the following is also an insured:

   a. Your … "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. . . .

   Section V- DEFINITIONS

   6. "Executive officer" means a person holding any of the officer positions created by your charter, constitution, by-laws or any other similar governing document.

Section I, subsection 2(a) of the Policy includes a section on "Exclusions" that reads in part:

This insurance does not apply to:

   a. Expected or Intended Injury

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

The Policy also contains an endorsement that contains weapons exclusion that states in relevant part:

**A.** The following exclusion is **added** to **2. Exclusions of Section I – Coverage A – Bodily Injury And Property Damage Liability, Coverage B – Personal And Advertising Injury Liability** and **Coverage C – Medical Payments:**

This insurance does not apply to "bodily injury", "property damage", "personal and advertising injury" or medical payments arising out of:

1. The disposal, distribution, importation, maintenance, manufacture, marketing, ownership, packaging, repair, sale, storage, or use of any "weapon."
2. Any "weapon" obtained through theft, burglary, robbery, inventory shortage, shrinkage, or mysterious disappearance, regardless of acts or omissions by you, your employees or any other person.

B. The following definition is **added** to the **Definitions** section:

"Weapon" means any substance, material, device, or instrument that may be used to hunt, fight, cause detriment, inflict harm, restrain, injure, wound or terminate any living being, or destroy damage, or compromise real or personal property. Weapons include, but are not limited to;

1. Firearms as defined in the Gun Control Act, 18 USC §921(a)(3), including any amendment thereto, including, but not limited to, any pistol, revolver, shotgun, rifle, machine gun; or
2. Disguised gun, antique gun, BB gun, paintball gun, pellet gun; or . . .

Additionally, the Policy contains an endorsement that contains the following "All Assault Or Battery" exclusion:

## EXCLUSION – ALL ASSUALT OR BATTERY

A. The following exclusion is **added** to **2. Exclusions** of **Section I -Coverage A – Bodily Injury and Property Damage Liability, Coverage B – Personal and Advertising Injury Liability** and **Coverage C – Medical Payments:**
Regardless of culpability or intent of any persons, this insurances does not apply to "bodily injury", "property damage", "personal and advertising injury" or medical payments arising out of any:

1. Actual or alleged assault or battery;
2. Physical altercation; or
3. Any act or omission in connection with the prevention or suppression of such acts, including the alleged failure to provide adequate security.

This exclusion applies regardless of whether such actual or alleged damages are caused by any:
1. Insured;
2. "Employee",
3. Patron; or
4. Any other person; and

whether or not such damages occurred at any premises owned or occupied by any insured.

This exclusion applies to:
1. All causes of action arising out of any assault or battery, or out of a physical altercation including, but not limited to, allegations of negligent hiring, placement, training, or supervision, or any act, error or omission relating to such an assault or battery, or physical altercation.
2. Any claims or "suits" brought by any other person, firm or organization asserting rights derived from, contingent upon, or arising out of an assault or battery, or a physical altercation; and specifically excludes from coverage claims or "suits" for:

    a. Emotional distress for loss of society, services, consortium or income; or
    b. Reimbursement for expenses including, but not limited to, medical expenses, hospital expenses, or wages, paid or incurred, by such other person, firm or organization; or
3. Any obligation to share damages with or repay someone who must pay damages because of the injury.
Page **6** of **12**

B. We will have no duty to defend or indemnify any insured in any action or proceeding alleging damages arising out of any assault or battery or physical altercation.

Both the Weapons Exclusion and the All Assault Or Battery Exclusion provide a clause at the top that reads: "THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY." (Doc. 1-2).

**LEGAL STANDARDS**

Motions for judgment on the pleadings are brought under Federal Rule of Civil Procedure 12(c), which tests the sufficiency of claims based on the pleadings. *See Hayes v. City of Chi.*, 670 F.3d 810, 813 (7th Cir. 2012). When reviewing a Rule 12(c) motion, the Court takes all facts pleaded in the complaint as true and draws "all reasonable inferences and facts in favor of the nonmovant." *Wagner v. Teva Pharm. USA, Inc.*, 840 F.3d 355, 358 (7th Cir. 2016). A party may move for judgment on the pleadings after the pleadings are closed. See FED. R. CIV. PROC. 12(c).

"The pleadings include the complaint, the answer, and any written instruments attached as exhibits." *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998). While Federal Rule of Civil Procedure 12(d) provides that a court's consideration of any material outside the pleadings means that a Rule 12(c) motion must be treated as a motion for summary judgment under Rule 56, a court may consider matters outside the pleadings that are subject to judicial notice without converting a motion for judgment on the pleadings into a motion for summary judgment. *See United States v. Wood*, 925 F.2d 1580, 1581-82 (7th Cir. 1991). Court documents are public records

of which this Court can take judicial notice. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994). A court will grant a motion for judgment on the pleadings when it is clear that the non-moving party cannot prove any set of facts sufficient to support its claim for relief. *See Hayes*, 670 F.3d at 813.

## ANALYSIS

The parties agree that Illinois law applies. Under Illinois law, an insurer's duty to defend is broader than the duty to indemnify. *See Outboard Marine Corp. v. Liberty Mut. Ins. Co.*, 154 Ill.2d 90, 125 (1992). To determine whether the insurer has a duty to defend, the court looks at the allegations in the underlying complaint and compares those allegations to the relevant provisions of the insurance policy. *Id.* at 108. If the facts alleged in the underlying complaint fall within, or potentially fall within, the policy's coverage, the insurer has a duty to defend. *Id. See also U.S. Fid. & Guar. Co. v. Wilkin Insulation Co.*, 144 Ill.2d 64, 73 (1991)(noting that in a declaratory action, courts in Illinois will find a duty to defend even if only one theory alleged in the underlying complaint is potentially within the policy's coverage). An insurer does not have a duty to defend where "'it is clear from the face of the underlying complaint that the allegations fail to state facts which bring the case within, or potentially within, the policy's coverage.'" *Connecticut Indem. Co. v. DER Travel Serv., Inc.*, 328 F.3d 347, 349 (7th Cir. 2003)(quoting Wilkin, 144 Ill.2d at 73). The court construes the underlying complaint liberally in favor of the insured. *See Lyons v. State Farm Fire & Cas. Co.*, 349 Ill. App. 3d 404, 407 (2004).

A court may, however, consider evidence beyond the underlying complaint so long as the court does not determine an issue critical to the underlying litigation. *See Pekin Ins. Co. v. Wilson*, 237 Ill.2d 446, 460-462 (2010).

The construction of an insurance policy is a question of law. *See Am. States Ins. Co. v. Koloms*, 177 Ill.2d 473, 480 (1997). In construing an insurance policy, the court must ascertain and give effect to the intentions of the parties as expressed in their agreement. *See Hobbs v. Hartford Ins. Co. of the Midwest*, 214 Ill.2d 11, 17 (2005). If the terms of the policy are clear and unambiguous, then the court gives the terms their plain and ordinary meaning. *See Nicor, Inc. v. Associated Elec. & Gas Ins. Servs. Ltd.*, 223 Ill.2d 407, 416 (2006). Conversely, if the terms of the policy are susceptible to more than one meaning, then the court considers the terms ambiguous and construes the policy strictly against the insurer who drafted the policy. *See Rich v. Principal Life Ins. Co.*, 226 Ill.2d 359, 371 (2007). Illinois courts construe the insurance policy as a whole, taking into account the type of insurance purchased, the nature of the risks involved, and the overall purpose of the contract. *Id*.

The Court will address the weapons exclusion first. Nautilus owes a duty to defend Defendants unless it can meet its burden of showing that the allegations of the underlying complaint are clearly outside the bounds of the policy coverage. Nautilus argues that coverage is barred by the weapons exclusion. The Policy states that Nautilus will pay certain sums to which this Policy applies. The weapons exclusion, however, states:

> This insurance does not apply to "bodily injury", "property damage", "personal and advertising injury" or medical payments arising out of:
>
> 1. The disposal, distribution, importation, maintenance, manufacture, marketing, ownership, packaging, repair, sale, storage, or use of any "weapon."
> 2. Any "weapon" obtained through theft, burglary, robbery, inventory shortage, shrinkage, or mysterious disappearance, regardless of acts or omissions by you, your employees or any other person.

As to the weapons exclusion, the Court finds that Defendants' arguments rest on an unnaturally broad reading of the exclusion. The weapons exclusion is quite clear and unambiguous despite Defendants' desire for the Court to find to the contrary. Simply looking at the allegations contained in the third amended complaint and the language of the weapons exclusion clause, the Court finds that the weapons exclusion clause of the Policy bars coverage under these circumstances.

The operative complaint, the third amended complaint, in the underlying litigation alleges in relevant part:

> "Defendant Franklin negligently caused the death of Woodson by mishandling a loaded firearm during an encounter in which a round was fired. Woodson was struck [by] the round. Defendant Franklin's handling of a firearm and careless discharge of it was without any legal justification or excuse. Defendant Franklin possessed a legal duty to prevent foreseeable injuries to Woodson. Injuries to Woodson were foreseeable when Defendant Franklin breached that legal duty by failing to exercise care and control of a firearm. . . . Because Defendant Franklin failed to exercise reasonable care and control of a firearm as well as carelessly allowing it to discharge; thereby killing Woodson, Defendant Franklin's behavior constituted aggravated circumstances invoking the imposition of aggravating damages."

(Doc. 32-4, p. 4).

Based on these allegations, and not based on allegations or the lack of allegations regarding ownership or possession of the weapon, it is clear that the circumstances of the August 16, 2015 confrontation between decedent Woodson and Franklin are the type that bar coverage under the weapons exclusion clause of the Policy. Obviously, a weapon was involved in the altercation between decedent Woodson and Franklin as Woodson was fatally struck by a bullet. The weapons exclusion bars coverage if the underlying facts of a lawsuit involved "bodily injury" that is caused in whole or part by a "weapon" "regardless of acts or omissions by you, your employees or any other person."

The weapons exclusion is plain and clear and does not surreptitiously take away any coverage that the Policy purported to grant. The coverage provided the Policy is limited by the weapons exclusion, but it is not so limited to be illusory. The Policy is enforceable.[2] It is clear that the alleged wrongful death claim in the underlying suit does not fall within the terms of the Policy. Therefore, Nautilus does not have a duty to defend Franklin in the underlying lawsuit. If there is no duty to defend, there is necessarily no duty to indemnify. *See Nat'l Cas. Co. v. McFatridge*, 604 F.3d 335, 338 (7th Cir. 2010). Accordingly, Nautilus, has no duty to indemnify Franklin in the underlying suit.

---

[2] As the Court finds that the weapons exclusion of the Policy bars coverage, the Court need not address the additional arguments made by Nautilus for judgment on the pleadings.

CONCLUSION

Accordingly, the Court **GRANTS** Nautilus Insurance Company's motion for judgment on the pleadings (Doc. 59). Specifically, the Court **FINDS** and **DECLARES** that the Weapons Exclusion contained in Nautilus Policy No. NN487458 bars coverage for the claims asserted in the underlying litigation, *Woodson v. Franklin*, 15 SL-CC03780. Also, the Court **FINDS** and **DECLARES** that Nautilus Insurance Company does not have a duty to defend or a duty to indemnify Action ATM, Inc., and Silver L. Franklin regarding the claims contained in the underlying litigation, *Woodson v. Franklin*, 15 SL-CC03870. Lastly, the Court **DIRECTS** the Clerk of the Court to enter judgment in favor of Nautilus Insurance Company and against Action ATM, Inc., and Silver L. Franklin and to **CLOSE** this action.

IT IS SO ORDERDED.

Date: December 19, 2019.

Digitally signed by Magistrate Judge Gilbert C. Sison
Date: 2019.12.19 10:50:54 -06'00'

**GILBERT C. SISON**
**United States Magistrate Judge**